UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL A. VÁZQUEZ-HERNÁNDEZ,

    Plaintiff,

v.

WILFREDO ESTRADA-ADORNO, et al.,

    Defendants.

Civil No. 08-2038 (JAF)

**O R D E R**

On September 12, 2008, Plaintiff, Miguel A. Vázquez-Hernández, filed the present complaint against Defendants, the Commonwealth of Puerto Rico; the Administración de Corrección ("AOC"); Wilfredo Estrada-Adorno, Director of Pre-Release Programs; Lilliam Álvarez, Director of Pre-Release Programs; Annie González-Pérez, Community Program Chief; the Junta de Libertad Bajo Palabra ("Parole Board"); and María E. Meléndez-Rivera, president of the Parole Board, under 42 U.S.C. § 1983, alleging that Defendants discriminate on the basis of sex. (Docket No. 1.) On January 12, 2009, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 14.) Plaintiff opposed on January 27, 2009. (Docket No. 20.)

Because Plaintiff is pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Plaintiff's pro-se status

Civil No. 08-2038 (JAF)                                          -2-

does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Plaintiff is an inmate in the penal custody of the Commonwealth of Puerto Rico. (Docket No. 2.) He asserts that the AOC does not treat men and women equally. (Id.) He states that the AOC denies rehabilitation programs, psychological treatment, pre-release programs, and parole to men serving sentences for domestic disturbances. (Id.) He seeks $250,000 in monetary damages and an injunction requiring Defendants to cease sex discrimination at the AOC. (Id.)

Defendants argue, inter alia, that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. (Docket No. 14.) Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." In assessing a motion to dismiss, "we take the well-pleaded facts in the light most favorable to the plaintiff and indulge him all reasonable inferences." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Here, Plaintiff has not alleged that he was denied access to any particular programs; nor has he pled facts that suggest the existence of a policy treating male prisoners differently from female

Civil No. 08-2038 (JAF)                                                    -3-

prisoners. (See Docket No. 1.) He has presented nothing more than the conclusory statement that the AOC discriminates against men by denying them access to rehabilitation and treatment programs and parole. (See id.) Because Plaintiff has not stated any facts supporting his allegation of sex discrimination, he has failed to comply with the pleading requirements of Rule 8. See Iqbal, 129 S.Ct. at 1949.

In accordance with the foregoing, we hereby **GRANT** Defendants' motion to dismiss (Docket No. 14), and **DISMISS** Plaintiff's complaint (Docket No. 2) **WITH PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 3rd day of June, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge